UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Mario R. Cortinas | § | |
| | § | |
| | § | Civil Action No. |
| | § | |
| v | § | 5:20-cv-59 |
| | § | |
| | § | |
| | § | |
| Midland Credit Management, | § | |
| | § | |
| Inc. | § | |
| | § | |

Complaint

_____

## Introduction

1. The Fair Debt Collection Practices Act was enacted to stop debt collectors from harassing, abusing, and making misrepresentations to and about consumers. Congress found that these practices led to the job loss, the number of personal bankruptcies, invasions of privacy, and marital disharmony.

2. When a debt collector states the balance of a debt it is required to do so accurately. The harm in overstating the balance of a debt is obvious, a consumer may be led to pay more than they owe. The harm in understating the amount of a debt is less obvious, but potentially

even more pernicious. If a consumer pays the understated balance, then they will believe that a debt is satisfied. A collector can then resume collection efforts on the unsatisfied debt to the consumer's unexpected financial detriment.

3. Plaintiff brings this action for Defendant's violation of the FDCPA and seeks actual damages, statutory damages, attorney's fees and costs.

## Jurisdiction & Venue

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

6. Plaintiff, Mario R. Cortinas is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

7. Defendant, Midland Credit Management, LLC, is a Kansas company, authorized to conduct business in Texas. Its mailing address is 320 E BIG BEAVER RD STE 300 TROY, MI 48083-1271. MCM may be served with process via its registered agent Corporation Service Company D/B/A CSC-Lawyers Inc at 211 E 7th Street, Suite 620 Austin, TX 78701.

## Facts

8. MCM regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

9. The principal purpose of MCM is the collection of such debts.

10. The Debt at issue in this matter is a defaulted debt that Cortinas used for personal, family, and household purposes (the "Debt").

11. Asset Acceptance, LLC was a debt collector that regularly attempted to collect defaulted consumer debts.

12. In 2009 Asset Acceptance sued Cortinas to collect the Debt.

13. Asset Acceptance and Cortinas entered into an agreed judgment in the amount of $4,805.48 dated November 12, 2009.

14. Judgement interest at compounds annually per Tex. Fin. Code § 304.006.

15. The judgment recited that interest compounds at 5%.

16. Since the entry of the judgment Cortinas has not made any payments on the judgment.

17. The judgment recites that it includes the "All costs of court" but does not provide an amount. The issuing court's docket does not reflect the entry of a bill of costs.

18. On information and belief, the court costs were less than $150.

19. Sometime after the judgment was entered, MCM acquired Asset Acceptance and all of its assets, including the judgment against Cortinas.

20. MCM filed a garnishment action against Cortinas' bank.

21. The garnishment action was supported by a copy of the judgment[1] and the affidavit of MCM attorney Brian Staley[2].

22. Staley is an in-house attorney employed by MCM.

23. Staley's affidavit is dated July 12, 2019.

24. As of the date of the affidavit the judgment compounded 9 years and 242 day or 9.67222 compounding cycles.

25. Staley's affidavit states the judgment balance is $7,190.31.

26. The judgement balance including interest compounding annually at 5% on $4,805.48 equals $7,703.43 as of July 12, 2019.[3]

27. The balance of $4,955.48[4] as of July 12, 2019 is $7,943.89.

28. Neither of these amounts equals $7,190.31, the amount in Staley's affidavit supporting the garnishment action.

29. Staley's affidavit misstates the balance of the judgment.

---

[1] Exhibit A.
[2] Exhibit B.
[3] This number was arrived at via the formula Future Value = Present Value x (1 + interest rate) raised by the number of compounding periods. Or $FV = PV(1+ir)^n$.
[4] This is the judgment balance plus $150, the amount believed to be maximum amount of un-itemized court costs.

Cause of Action – Fair Debt Collection Practices Act

30. Midland Credit Management is a debt collector as defined by 15 U.S.C. § 1692a(6).

31. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

32. Cortinas is a consumer as defined by 15 U.S.C. § 1692a(3).

33. Brian Staley's affidavit is a communication as defined by 15 U.S.C. § 1692a(2).

34. Midland violated the FDCPA in that:

   a. It misstated the balance of a debt in violation of 15 U.S.C. § 1692e(2)(A);

   b. It claimed that a document was from an attorney when an attorney had signed but not made a meaningful review of its contents in violation 15 U.S.C. § 1692e(3); and

   c. It made a false representation in the course of collecting a debt in violation of 15 U.S.C. § 1692e(10).

35. These violations deprived Cortinas of his right to truthful, nonmisleading information regarding a debt.

Jury Demand

36. Plaintiff demands this case be tried before a jury.

Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692 k(a)(1);

b. Statutory damages per 15 U.S.C. § 1692k(a)(2); and

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3).

Dated: January 15, 2020          Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com